J-S72033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AMEL D. JONES | : | |
| | : | No. 1166 EDA 2017 |
| Appellant | | |

Appeal from the PCRA Order March 9, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0005078-2011

BEFORE:   BENDER, P.J.E., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED DECEMBER 11, 2017**

Appellant, Amel D. Jones, appeals from the order entered in the Court of Common Pleas of Delaware County dismissing as untimely his third petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  In addition, appointed counsel seeks to withdraw from this appeal on the grounds that the issues raised under the PCRA are meritless.  After review, we affirm the order denying PCRA relief and grant counsel's petition for leave to withdraw.

On December 15, 2011, Appellant entered a negotiated guilty plea to one count each of possession with the intent to deliver a controlled substance and possession of a firearm and was sentenced to a term of incarceration of 78 to 156 months' incarceration to be followed by five years' consecutive probation.  Appellant filed no direct appeal.

_____
* Former Justice specially assigned to the Superior Court.

On October 21, 2014, Appellant filed his first PCRA petition alleging that his sentence was unlawful under **Alleyne v. United States**, ___ U.S. ____, 133 S.Ct. 2151 (2013). The PCRA court appointed counsel, who subsequently filed a petition under **Commonwealth Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*) to withdraw from the collateral appeal. The PCRA court granted counsel's motion to withdraw and dismissed Appellant's PCRA petition as untimely.

On July 30, 2015, Appellant filed a second PCRA petition again raising the **Alleyne** illegal-sentencing claim. As with Appellant's first collateral appeal, the PCRA court granted appointed counsel's motion to withdraw and dismissed Appellant's second petition as untimely.

On February 18, 2016, Appellant filed this, his third PCRA petition, and appointed counsel filed an amended petition on September 2, 2016, raising, again, the **Alleyne** issue. The PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition as raising issues previously litigated, and, by its Order of March 9, 2017, dismissed the petition. This timely appeal followed.

On August 2, 2017, present counsel filed an application to withdraw his appearance, but he has erroneously filed a brief seeking to withdraw under the **Anders v. California**, 386 U.S. 738 (1967), standard for withdrawal, which applies when counsel seeks to withdraw from a direct appeal, instead of under the **Turner** and **Finley** standard. However, because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders**

brief in lieu of a **Turner/Finley** "no merit" letter. **Commonwealth v. Reed,** 107 A.3d 137, 139 n. 5 (Pa.Super. 2014). We will refer to counsel's erroneously titled **Anders** Brief as a **Turner/Finley** brief. Appellant has not responded to the petition to withdraw as counsel, nor has he retained alternate counsel for this appeal.

Prior to addressing the merits of Appellant's claims on appeal, we must first decide whether counsel has fulfilled the procedural requirements for withdrawing his representation. **Commonwealth v. Daniels,** 947 A.2d 795, 797 (Pa.Super. 2008). This Court has listed the conditions to be met by counsel in seeking to withdraw in a collateral appeal as follows:

> Counsel petitioning to withdraw from PCRA representation must proceed ... under [**Turner**, **supra** and **Finley**, **supra** and] ... must review the case zealously. **Turner/Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> * * *
>
> [W]here counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner/Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Doty,* 48 A.3d 451, 454 (Pa.Super. 2012) (citation omitted).

Herein, counsel indicates he made a thorough review of Appellant's case and concluded the appeal is wholly frivolous. *See* Application to Withdraw Appearance, filed 8/2/17, at ¶¶ 2–3. Counsel also lists in the *Turner*/*Finley* brief the issue Appellant wishes to this appeal and explains why, in his view, it lacks merit. *Turner*/*Finley* brief at 7-8. In addition, counsel has attached to his motion a copy of the letter he sent to Appellant wherein counsel advised Appellant of his right to proceed *pro se* or through privately-retained counsel. Counsel also attached to the letter a copy of his application to withdraw and *Turner*/*Finley* brief.

Thus, we conclude that counsel has substantially complied with the requirements necessary to withdraw as counsel. *See Commonwealth v. Karanicolas,* 836 A.2d 940, 947 (Pa.Super. 2003) (holding that substantial compliance with the requirements to withdraw as counsel will satisfy the *Turner*/*Finley* criteria). We now review this appeal based on the issue of arguable merit counsel presented in the *Turner*/*Finley* brief to ascertain whether it entitles Appellant to relief.

Counsel identifies the following issue for appellate review:

**WAS THE SENTENCE IMPOSED IN THIS MATTER IN CONTRAVENTION OF <u>ALLEYNE V. UNITED STATES</u> AND SUBSEQUENT DECISIONS?**

*Turner*/*Finley* brief at 4.

When reviewing the propriety of an order denying PCRA relief, this Court is limited to a determination of whether the evidence of record supports the PCRA court's conclusions and whether its ruling is free of legal error. *Commonwealth v. Robinson,* 139 A.3d 178, 185 (Pa. 2016). This Court will not disturb the PCRA court's findings unless there is no support for them in the certified record. *Commonwealth v. Lippert,* 85 A.3d 1095, 1100 (Pa.Super. 2014).

At the outset, we consider whether this appeal is properly before us. The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Callahan,* 101 A.3d 118, 121 (Pa.Super. 2014).

All PCRA petitions must be filed within one year of the date upon which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. The petitioner bears the burden of pleading and proving an applicable statutory exception. If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. *Commonwealth v. Taylor,* 65 A.3d 462, 468 (Pa.Super. 2013).

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) states:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States:

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). In addition, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Herein, Appellant was sentenced on December 15, 2011, and filed no post sentence motion. As such, Appellant's notice of appeal had to be filed by January 14, 2012. As Appellant failed to do so, his judgment of sentence became final for purposes of the PCRA on that date. *See* 42 Pa.C.S.A. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania or at the expiration of time for seeking the review"); *see also* U.S. Sup.Ct.R. 13.1.

Under this timeline, Appellant had until Monday, January 14, 2013, to file a timely PCRA petition. Therefore, the instant petition initially filed *pro se*

on February 18, 2016, was patently untimely, and the burden fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin,*** 947 A.2d 1284, 1286 (Pa.Super. 2008) (to invoke a statutory exception to the PCRA time-bar, a petitioner must properly plead and prove all required elements of the exception).

We find that Appellant has not proven the applicability of any exception to the PCRA time-bar under Section 9545(b). Specifically, Appellant contends that his sentence is illegal under ***Alleyne***, which held that any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. However, the rule established in ***Alleyne*** does not apply retroactively where, as here, the judgment of sentence is final. ***See Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016) (holding that "***Alleyne*** does not apply retroactively to cases pending on collateral review"); ***see also Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014) (stating that while ***Alleyne*** claims go to the legality of the sentence, a court cannot review a legality claim where it does not have jurisdiction).

Therefore, Appellant's third PCRA petition is manifestly untimely, which divests this Court of jurisdiction to offer him any form of relief.

Motion to withdraw as counsel granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/11/2017</u>